IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                                Case No. 4:22-cr-40007-001

SIDNEY JAMES HUNT                                                     DEFENDANT

## ORDER

Before the Court is Defendant Sidney James Hunt's Motion for Detention Hearing and for Revocation of Detention Order. ECF No. 100. The government filed a response in opposition. ECF No. 101. The Court finds the matter ripe for consideration.

On July 26, 2022, Defendant was indicted for aiding and abetting and knowingly possessing with intent to distribute a controlled substance, namely more than five (5) kilograms of a mixture or substance containing a detectable amount of cocaine, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii). ECF No. 1. On August 1, 2022, Defendant was arrested.

On March 13, 2023, following Defendant's motion for a detention hearing (ECF No. 51), the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas, held a detention hearing and ordered that Defendant be released on conditions. ECF Nos. 56, 57. Defendant's conditions of release included, *inter alia*, that Defendant not violate federal, state, or local law while on release; that he be restricted to the Western District of Arkansas and Middle District of Florida; and that he not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. ECF No. 57.

On August 3, 2023, Defendant filed a motion to modify his conditions of release requesting

permission to travel to Miami and Kissimmee Florida, both of which are in the Southern District of Florida, "to run his business." ECF No. 70. On August 29, 2023, Judge Bryant granted the motion allowing Defendant to travel to the Southern District of Florida for the purpose of employment and specifically noting that all other conditions not modified shall remain in full force and effect. ECF No. 76.

On September 29, 2023, Defendant was arrested in Bartow, Florida, for allegedly attempting to purchase cocaine from a confidential informant. ECF Nos. 100, 101; *see also* ECF No. 81, p. 2. On October 2, 2023, Defendant was released after posting bond. ECF No. 101, p. 2. On October 3, 2023, a United States Probation Officer filed a Petition for Action on Conditions of Pretrial Release requesting the issuance of an arrest warrant due to Defendant's alleged violation of his pre-trial release condition that he must not violate federal, state, or local law while on release. *Id.* at 2-3. An arrest warrant was issued the same day. ECF No. 82.

On October 16, 2023, Defendant turned himself in to federal authorities in the Middle District of Florida. ECF No. 100, p. 2. The same day, Defendant appeared for a Rule 5 hearing before the Honorable Thomas G. Wilson, United States Magistrate Judge for the Middle District of Florida. ECF No. 84. At the proceeding, Defendant waived an identity hearing and the government requested that Defendant be detained. *Id.* Defendant did not challenge the government's request at the time of the proceeding but reserved his right for a detention hearing and requested that his matter of detention be considered in the Western District of Arkansas, the charging district. *Id.* On October 17, 2023, Judge Wilson issued an order granting the government's motion for detention and Defendant's request to have his matter of detention considered in the charging district. *Id.* Defendant was then "transported to the Miller County, Arkansas jail, where he has remained in custody." ECF No. 100, p. 2. Defendant's trial is currently

set for July 15, 2024. ECF No. 98.

On November 14, 2023, Defendant's counsel Birc Morledge filed a motion to be relieved as counsel. ECF No. 86. On November 29, 2023, Mr. Morledge was relieved and Jeffrey S. Harrelson was appointed as counsel for Defendant. ECF No. 91.

On May 13, 2024, Defendant filed the instant motion seeking a detention hearing and requesting release pending the disposition of his case asserting that he is not a flight risk. ECF. No. 100. The government opposes the motion asserting that Defendant is a flight risk. ECF No. 101.

Defendant filed the instant motion pursuant to 18 U.S.C. § 3145(b). Section 3145(b) provides that "[i]f a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). "When the district court, pursuant to 18 U.S.C. § 1345(b), acts on a motion to revoke or amend a magistrate's pretrial detention order, the court acts *de novo* and makes an independent determination of the proper pretrial detention or conditions for release." *United States v. Maull,* 773 F.2d 1479, 1484 (8th Cir. 1985). However, Judge Wilson did not issue his order of detention following a detention hearing but granted Defendant's request to his "right to have the matter of bail reconsidered in the charging district." ECF No. 84, p. 5. Section 3148 regarding sanctions for violation of a release condition provides as follows:

> **(a) Available sanctions.**--A person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court.
>
> **(b) Revocation of release.**--The attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court. A judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release, and the person shall be brought

before a judicial officer in the district in which such person's arrest was ordered *for a proceeding in accordance with this section*.  To the extent practicable, a person charged with violating the condition of release that such person not commit a Federal, State, or local crime during the period of release, shall be brought before the judicial officer who ordered the release and whose order is alleged to have been violated.  The judicial officer shall enter an order of revocation and detention if, *after a hearing*, the judicial officer—

    **(1)** finds that there is—

        **(A)** probable cause to believe that the person has committed a Federal, State, or local crime while on release; or

        **(B)** clear and convincing evidence that the person has violated any other condition of release; and

    **(2)** finds that--

        **(A)** based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or

        **(B)** the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.  If the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly.

    **(c) Prosecution for contempt.**--The judicial officer may commence a prosecution for contempt, under section 401 of this title, if the person has violated a condition of release.

18 U.S.C. § 3148 (emphasis added).

In this case, the Court finds that Defendant is entitled to a detention hearing. Accordingly, the Court finds that Defendant's Motion for a Detention Hearing and for a Revocation of Detention Order (ECF No. 100) is hereby **GRANTED in part** and **DENIED in part**. Defendant is to remain **DETAINED** while awaiting a detention hearing. The Court **FURTHER ORDERS** that the instant matter be **REFFERED** to Judge Bryant for the purpose of conducting a detention hearing.

**IT IS SO ORDERED**, this 5th day of June, 2024.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge