IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                              Case No. 4:22-CR-40007-001

SIDNEY JAMES HUNT                                                     DEFENDANT

## ORDER OF DETENTION

Before the Court is the Motion for Detention Hearing and Revocation of Order of Detention. ECF No. 100. The Government has responded to the Motion and objects to Defendant's release. ECF No. 101. After conducting a detention hearing (ECF No. 104) pursuant to 18 U.S.C. § 3142(f) of the Bail Reform Act, the Court orders the above-named defendant detained pursuant to 18 U.S.C. § 3142(e) and (i).[1]

A. **Statement of Reasons for the Detention**

The Court orders the defendant's detention because it finds:

☒ By a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.
☒ By clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

B. **Findings of Fact**

The Court's announced findings at the dentition hearing are included herein by reference. The Court's findings are based on the evidence and information presented in Court and which was contained in the Pretrial Services Report, including the following:

☒ (1) Nature and Circumstances of the offense charged:
  ☒ (a) The crime, **Possession and distribution of more than 5 kilograms of cocaine**
  ☐ (b) The offense is a crime of violence.
  ☒ (c) The offense involves a narcotic drug.
  ☒ (d) The offense involves a large amount of controlled substances.
  ☐ (e) Other facts:
☒ (2) The weight of the evidence against the defendant is substantial.

---

[1] The Court conducted an initial detention hearing on March 13, 2023, and ordered Defendant released on conditions. ECF Nos. 56 and 57. Defendant was arrested in Bartow Florida on September 29, 2023, for a drug trafficking crime. This Court thereafter revoked Defendant's pretrial release and issued an arrest warrant. Defendant surrendered to federal authorities and appeared before the United States District Court for the Middle District of Florida on October 16, 2023. Defendant had an initial appearance on that date regarding the warrant issued for the violation of his pretrial release conditions. He waived a hearing on the issue of continued release or detention and has remained in custody since that date. On May 13, 2024, he filed the instant Motion.

☒ (3) The history and characteristics of the defendant including:
   (a) General Factors:
   ☐ The defendant appears to have a mental condition which may affect whether the defendant will appear.
   ☒ The defendant has no known family ties in the area.
   ☐ The defendant has no known steady employment.
   ☒ The defendant has no known substantial financial resources.
   ☒ The defendant is not a long-time resident of the community.
   ☒ The defendant does not have any known significant community ties.
   ☒ Past conduct of the defendant:
      ☐ The defendant has a history relating to drug abuse.
      ☐ The defendant has a history relating to alcohol abuse.
      ☒ The defendant committed a new crime while on pretrial release: **Defendant was originally released in this case. He then committed another drug trafficking crime in Florida. At the second detention hearing in this case, Defendant testified to have been working at the direction of Federal Law enforcement agents when he was arrested in this case and then again when he was arrested in Florida. The undersigned finds Defendant's testimony not credible.**
      ☐ The defendant has a prior record of failure to appear at court proceedings.
      ☒ The defendant has a history of violating probation and/or parole, including: **As noted above Defendant was released on pretrial conditions on March 13, 2023. On September 29, 2023, he was arrested in Florida and charged with purchasing 1 kilogram of cocaine from an undercover law enforcement officer.**

   (b) Whether the defendant was on probation, parole, or release by a court;
      At the time of the current arrest, the defendant was on:
      ☐ Probation
      ☐ Parole
      ☒ Release pending trail, sentence, appeal or completion of sentence.
   (c) Other Factors:
      ☐ The defendant is an illegal alien and is subject to deportation.
      ☐ The defendant is an illegal alien and is subject to deportation.
      ☒ Other: **Defendant has fled from law enforcement officers in the past.**

(4) The nature and seriousness of the danger posed by the defendant's release are as follows:
**Defendant is charged with possession with intent to distribute large amounts of cocaine. Illegal drug distribution is dangerous to the community at large. Defendant has demonstrated he will not comply with conditions of release while on pretrial supervision in this case and has continued to attempt to distribute cocaine. Defendant's proffered excuse for his failure to comply with the Court's conditions is not credible. The Court has no confidence Defendant will comply with any set of conditions it imposed in this case.**

(5) Rebuttable Presumptions
In determining that the defendant should be detained, the court also relied on the following rebuttable presumption(s) contained in 18 U.S.C. § 3142(e), which the court finds the defendant has not rebutted:
☒ a. The crime charged is one described in § 3142(f)(1).

   ☐  (A) a crime of violence; or

   ☐  (B) an offense for which the maximum penalty is life imprisonment or death; or

   ☒  (C) a controlled substance violation that has a maximum penalty of ten years or more; or

   ☐  (D) A felony after the defendant had been convicted of two or more prior offenses described in (A) through (C) above, and the defendant has a prior conviction of one of the crimes mentioned in (A) through (C) above which is less than five years old and which was committed while the defendant was on pretrial release.

 ☒  b. There is probable cause to believe that defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed

   ☒  in the Controlled Substances Act, 21 U.S.C. §§ 801, et seq.,

   ☐  the Controlled Substances Import and Export Act, 21 U.S.C. §§ 951, et seq.,

   ☐  the Maritime Drug Law Enforcement Act, 46 U.S.C. App. §§ 1901, et seq., or

   ☐  an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b.

   ☐  an offense involving a minor under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

C.  **Additional Directives**

Pursuant to 18 U.S.C. § 3142(i)(2)-(4), the Court directs that:

The defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

The defendant be afforded reasonable opportunity for private consultation with counsel; and

That, on order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED**.

**SIGNED this 17th day of June 2024.**

                 */s/ Barry A. Bryant*
                 HON. BARRY A. BRYANT
                 UNITED STATES MAGISTRATE JUDGE